J-S04006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SONNY L. THOMAS | : | |
| | : | |
| Appellant | : | No. 1671 EDA 2022 |

Appeal from the PCRA Order Entered June 3, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0000622-2005

BEFORE: MURRAY, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 23, 2023**

Sonny L. Thomas (Appellant) appeals *pro se* from the order denying as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 2006, a jury convicted Appellant of first-degree murder and related offenses, after he murdered a man with a sword.  The trial court sentenced Appellant to life in prison on February 13, 2006.  This Court affirmed the judgment of sentence.  ***Commonwealth v. Thomas***, 918 A.2d 792 (Pa. Super. 2006) (unpublished memorandum).  Appellant did not seek allowance of appeal with the Supreme Court of Pennsylvania.

---

* Retired Senior Judge assigned to the Superior Court.

Appellant filed a first PCRA petition in March 2008.[1]  The PCRA court denied relief, and this Court affirmed.  *See Commonwealth v. Thomas*, 981 A.2d 323 (Pa. Super. 2009) (unpublished memorandum).  Our Supreme Court later denied allowance of appeal.  *See Commonwealth v. Thomas*, 986 A.2d 150 (Pa. 2009).

Thereafter, this Court affirmed the PCRA court's dismissal of Appellant's second and third *pro se* petitions.  *See Commonwealth v. Thomas*, 46 A.3d 813 (Pa. Super. 2009) (unpublished memorandum); *Commonwealth v. Thomas*, 1907 EDA 2014, 2015 WL 7587375 (Pa. Super. 2015) (unpublished memorandum).

On December 27, 2021, Appellant *pro se* filed the instant PCRA petition, his fourth.  He conceded it was facially untimely, where Appellant's "judgment of sentence became final on January 26, 2007."  PCRA Petition, 12/27/21, at 1 (unnumbered).  However, Appellant asserted he met the requirements of the newly-discovered fact exception to the PCRA's time bar, codified at 42 Pa.C.S.A. § 9545(b)(1)(ii).  Appellant claimed he "has only recently obtained [the notes of testimony from] his [t]rial [] on approximately May 12, 2021[,] from the Clerk of [] court."  *Id.* at 3 (unnumbered); *see also id.* (vaguely asserting there "is a credible explanation for [Appellant's] failure to present

---

[1] Appellant subsequently initiated numerous actions in the federal courts. *See*, *e.g.*, *Thomas v. Iatarola*, 2007 U.S. Dist. LEXIS 8765 (E.D. Pa. 2007).

these issues earlier."). Appellant's petition raised various claims of his trial counsel's ineffectiveness, which we explain further below.

The PCRA court appointed counsel (PCRA counsel) for Appellant's fourth PCRA petition. PCRA counsel thereafter filed a no-merit letter and petition to withdraw, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). PCRA counsel detailed Appellant's claims:

> [Appellant] alleges that trial counsel was ineffective in failing to secure a jury instruction [with respect to] voluntary manslaughter owing to trial counsel's various errors, namely in advising [Appellant] not to testify in his own defense, failing to reopen the trial to develop more evidence in support of said jury instruction, and failing to object to the trial court's abuse of discretion in denying said instruction. [Appellant] only became aware of trial counsel's ineffectiveness upon a review of transcripts of the charging conference between trial counsel, the assistant district attorney and the trial judge.

**Turner**/**Finley** Letter, 4/4/22, at 4 (unnumbered) (some capitalization modified). According to PCRA counsel, Appellant failed to establish the newly-discovered fact timeliness exception, because "the trial transcripts [] would have been available to [Appellant] well prior to May 2021, and, indeed, should have been obtained during any of [Appellant's] previous appellate filings…." *Id.* at 6-7 (unnumbered).

On May 9, 2022, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without an evidentiary hearing (Rule 907 notice). The court opined that it lacked jurisdiction because the petition was

untimely, and Appellant did not meet the newly-discovered fact exception, where the

> "newly-discovered evidence" referenced by [Appellant] has been available in the trial transcripts. Additionally, the alleged failure of trial counsel to have a voluntary jury instruction has been waived and is also time[-]barred, since this issue could have been determined by a review of the trial transcript in 2008.

Rule 907 Notice, 5/9/22, at 1. Appellant did not respond.

The PCRA court denied Appellant's PCRA petition on June 3, 2022. The court also granted PCRA counsel's request to withdraw, finding he complied with ***Turner/Finley***. Order, 6/3/22, at 1 n.1. Appellant timely appealed.

On July 5, 2022, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal (concise statement) (Rule 1925 Order), "no later than twenty-one (21) days from the date of this Order," pursuant to Pa.R.A.P. 1925(b). Rule 1925 Order, 7/5/22, at 1 (unnumbered). Nine days later, Appellant filed a motion for extension of time to file his concise statement, asserting as follows:

> On July 9, 2022[, Appellant] … did receive via the legal mail system at SCI Mahanoy [the PCRA court's Rule 1925] Order … ordering that Appellant file[] of record … a concise statement … no later than twenty-one (21) days from the date of the order.
>
> On June 23, 2022[,] Appellant had mailed a motion to [the PCRA] court regarding the fact he did not receive [the Rule 907] notice … and that he wanted to appeal the court[']s order … denying his PCRA without a hearing and he would need the … [Rule] 907 notice, in order to properly base his [concise] statement … on the facts.

Motion, 7/14/22, at 1 (unnumbered) (citation to exhibit omitted; some capitalization modified). The PCRA court denied Appellant's motion, reasoning:

> In his [motion, Appellant] … acknowledges that he received this court's [Rule] 1925(b) [Order] on July 9, 2022. As such, [Appellant] has ample time to file his concise statement….

Order, 7/18/22, n.1. Appellant never filed a concise statement.

The PCRA court, in its opinion, "respectfully submitted that the instant appeal should be dismissed" for Appellant's failure to timely file his concise statement. PCRA Court Opinion, 9/1/22, at 2 (unnumbered). In the alternative, the court requested that this Court affirm the denial of Appellant's PCRA petition, because it was untimely and Appellant failed to meet the requirements of the newly-discovered fact exception. *Id.* at 2-3 (unnumbered).

On September 9, 2022, Appellant filed an application in this Court, again claiming he did not receive the Rule 907 notice "prior to the PCRA court[']s denial of his PCRA, and was not … able to properly articulate to the PCRA court a concise statement…." Application, 9/9/22, at 1 (unnumbered). We denied the application without prejudice to Appellant's right to re-raise the issue before the merits panel. Order, 10/13/22.

Appellant presents five issues for review:

I.  Was trial counsel ineffective for erroneously advising Appellant not to testify in his own defense, prejudicing his defense[?]

- 5 -

II. Did the trial court abuse its discretion when it denied counsel[']s request for the charge of Voluntary Manslaughter- unreasonable belief[,] 18 Pa.C.S.A. § 2503(b)[,] when evide[n]ce of the record supports such a charge[] and is this arguably merito[i]ous[?]

III. Timely filling of petition. Has [A]ppellant plead and proved one of the exceptions to overcome the PCRA time-bar[?]

IV. Is [Appellant] entitled to an evidentiary hearing? Was the PCRA court[']s dismissal of Appellant[']s petition without a hearing an error because newly discovered evidence will demonstrate [Appellant's] innocence of First-degree murder[?]

V. Effective assistance of PCRA counsel[.] Did the PCRA court error in failing to reject counsel[']s No-Merit Letter when it neglected to satisfy the **Turner**/**Finley** requirements[?]

Appellant's Brief at 5.

Preliminarily, we must address Appellant's failure to file a concise statement.

> [I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.

**Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)); **see also** PCRA Court Opinion, 9/1/22, at 2 (unnumbered), **supra** (finding waiver). Appellant claims he never received the Rule 907 notice, and that he

> had made attempts to obtain the document. The PCRA court refused to send a copy. Therefore, [A]ppellant was not able to respond[] to the court[']s reasons for the dismissal of the PCRA in his [concise s]tatement….

Appellant's Brief at 8-9.

Notably, the PCRA court docket contained in the certified record is incomplete, and does not reflect the entry of the PCRA court's Rule 907 notice, and whether it was served on Appellant. We deem this to be a breakdown of the PCRA court's operation. In light of this breakdown, we will not penalize Appellant for his failure to comply with the Rule 1925 Order. ***See***, ***e.g.***, ***Commonwealth v. Leatherby***, 116 A.3d 73, 79 (Pa. Super. 2015) (an appellant "should not be precluded from appellate review based on what was, in effect, an administrative breakdown on the part of the trial court."); ***Commonwealth v. Davis***, 867 A.2d 585, 588 (Pa. Super. 2005) (*en banc*).

We are mindful of our standard of review:

> Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Maxwell***, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citations omitted).

All PCRA petitions, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007). A judgment of sentence becomes final

"at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "If a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (citation omitted).

Appellant concedes his judgment of sentence became final in 2007, after the expiration of time to file a petition for allowance of appeal with the Supreme Court of Pennsylvania. **See** 42 Pa.C.S.A. § 9545(b)(3); Appellant's Brief at 22-23. Thus, Appellant's petition is untimely unless he has satisfied one of the PCRA's three exceptions contained in Section 9545(b)(1)(i – iii). Any petition invoking an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant invokes the newly-discovered fact exception in Section 9545(b)(1)(ii). We have explained this exception

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. **A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.** Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted; emphasis added).

- 8 -

Appellant argues he satisfied the newly-discovered fact exception, because he only recently acquired the notes of testimony from the charging conference. *See* Appellant's Brief at 22-24; *see also id.* at 25 ("the fact of what transpired in the Chambers [during the charging conference was] unknown to [Appellant] because his trial counsel never discussed the particulars of the conversation with him[, and this fact] could not have been ascertained by the exist[e]nce of due diligence…."). Appellant raises various claims of trial counsel's ineffectiveness. *See* Appellant's Brief at 15-22, 23; *see also Turner/Finley* Letter, 4/4/22, at 4 (unnumbered), *supra* (explaining Appellant's ineffectiveness claims). Finally, Appellant argues he is entitled to relief because PCRA counsel was ineffective in concluding Appellant raised no meritorious claims pursuant to *Turner/Finley*. *See id.* at 29-35.

The Commonwealth counters:

Appellant contends that the "newly-discovered evidence" exception[2] applies because he did not previously possess the transcripts related to a charging conference in chambers. *See* Brief for Appellant, at 24. However, as noted by the PCRA court and PCRA counsel, the transcripts in question were available to Appellant well before 2021, at least at the time of the direct appeal. *See* [PCRA Court] Opinion, 09/01/22, at 2-3; No[-]Merit Letter, 04/04/22, at unnumbered pages 7-8. Moreover, a review of the docket sheet reflects that the trial transcripts in questions

---

[2] We observe "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is **distinct** from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (emphasis added); *see also id.* (explaining distinction). In the instant appeal, we deem the Commonwealth's reference to "newly-discovered evidence" as an inadvertent misstatement.

were filed on July 31, 2006, during the pendency of the direct appeal and more than fifteen years before the instant PCRA petition was filed. Appellant has not explained why he did not obtain these materials prior to 2021 and how these trial transcripts were previously unavailable to him. ***See Commonwealth v. Pew***, 189 A.3d 486, 489-90 (Pa. Super. 2018) (finding appellant did not adequately prove [the newly-discovered fact exception] where he did not establish how documents filed of record decades before were unavailable to him). The Commonwealth contends that by failing to explain how trial transcripts filed of record in 2006 were previously unavailable to him[,] and failing to show that he exercised any diligence in obtaining these transcripts in the nearly 15 years before filing the instant PCRA petition, Appellant has failed to prove that the [newly]-discovered [fact] exception applies. ***See Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (determining that due diligence requirement is "strictly enforced" and "demands that the petitioner take reasonable steps to protect his own interests").

Commonwealth Brief at 11-12. We agree. ***See id.***; ***see also Brown***, ***supra*** ("A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence."). We further observe that "a petitioner's claims [] couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA." ***Commonwealth v. Lesko***, 15 A.3d 345, 367 (Pa. 2011).

Appellant, however, may claim PCRA counsel's ineffective assistance for the first time on appeal. The Pennsylvania Supreme Court in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), restructured the procedure by which a PCRA petitioner must assert claims of PCRA counsel's ineffectiveness to "allow[] a PCRA petitioner to raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal." ***Id.*** at 401.

Our Supreme Court recently expanded on *Bradley*, stating:

We recognized that the structure of appeal and collateral review "places great importance on the competency of initial PCRA counsel," and reasoned that "it is essential that a petitioner possess a meaningful method by which to realize his right to effective PCRA counsel." *Bradley*, 261 A.3d at 401. We stated that "this approach best recognizes a petitioner's right to effective PCRA counsel while advancing equally legitimate concerns that criminal matters be efficiently and timely concluded." *Id.* at 405. We further explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. *Commonwealth v. Holmes*, 79 A.3d 562, 577 (Pa. 2013). However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere "boilerplate assertions of PCRA counsel's ineffectiveness," *Commonwealth v. Hall*, 872 A.2d 1177, 1182 (Pa. 2005); however, where there are "material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]" *Commonwealth v. Grant*, 813 A.2d 726, 740 n.2 (Pa. 2002) (Saylor, J., concurring).

*Id.* at 402. We also stated that [Pa.R.A.P.] 302(a), which provides that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal," Pa.R.A.P. 302(a), "does not pertain to these scenarios." *Id.* at 405.

*Commonwealth v. Parrish*, 273 A.3d 989, 1002 (Pa. 2022) (some brackets omitted; citations modified).

Instantly, Appellant argues PCRA counsel's "no-merit letter is seriously deficient. PCRA counsel did not discuss two issues claimed by the [A]ppellant and why they do not have merit…." Appellant's Brief at 34. However, these

claims do not entitle Appellant to relief, because relief is "plainly unavailable as a matter of law." ***Bradley***, 261 A.3d at 402. Appellant merely raises a general claim of PCRA counsel's ineffectiveness, and fails to identify and develop the two issues counsel purportedly ignored. ***See Parrish***, 273 A.3d at 1002 ("boilerplate assertions of PCRA counsel's ineffectiveness" are insufficient to warrant a remand to the PCRA court under ***Bradley***) (citation omitted).

Our review of Counsel's ***Turner***/***Finley*** letter belies Appellant's claims of its inadequacy. Moreover, Appellant fails to address the three-pronged ineffectiveness test announced in ***Commonwealth v. Pierce***, 527 A.2d 973, 975-76 (Pa. 1987). ***See Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (holding counsel is presumed to be effective, and a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness); ***see also Commonwealth v. Tielsch***, 934 A.2d 81, 93 (Pa. Super. 2007) (holding undeveloped claims will not be considered on appeal).

Based on the foregoing, the PCRA court properly denied Appellant's untimely PCRA petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 3/23/2023*